# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **PHILIPPE ZOGBE ZATTA,** }<br>}<br>**Plaintiff,** }<br>}<br>**v.** }<br>} **Case No.: 5:21-cv-01707-MHH**<br>**SCI TECHNOLOGY INC., et al,** }<br>}<br>**Defendants.** }<br>}<br>} | |

## MEMORANDUM OPINION AND ORDER

In this action, *pro se* plaintiff Philippe Zatta brings Title VII claims and a state law breach of contract claim against defendant AllStates Consulting Services, LLC.[1] AllStates has asked the Court to dismiss all claims against it. AllStates argues that the Court should dismiss Mr. Zatta's Title VII claims because he did not properly exhaust his administrative remedies. (Doc. 40, pp. 3-4). AllStates also urges the Court to dismiss Mr. Zatta's breach of contract claim because the contract at issue is

---

[1] Mr. Zatta also brings state law claims against AllStates for failure to pay wages, (Doc. 1, pp. 14-15, ¶¶ 47-49), and loss of opportunity, (Doc. 1, p. 16, ¶¶ 54-55).

Mr. Zatta asserts Title VII claims and related state law claims against defendants Sanmina Corporation and SCI Technology Inc. Neither defendant has moved to dismiss Mr. Zatta's claims against it.

between AllStates and Embedded Software & LabView LLC, not AllStates and Mr. Zatta. (Doc. 46, pp. 4-5, 6).

During a telephone conference on June 16, 2022, the Court offered Mr. Zatta an opportunity to file a supplemental brief in opposition to AllStates's motion to dismiss. (Doc. 56). The issues are fully briefed.[2] This opinion resolves AllStates's motion to dismiss.

The opinion begins with a discussion of the standard that a district court uses to evaluate Rule 12(b)(6) motions to dismiss. Then, consistent with that standard, the Court identifies the factual allegations in Mr. Zatta's complaint, describing them in the light most favorable to Mr. Zatta. Finally, the Court evaluates Mr. Zatta's factual allegations under the legal standards that govern AllStates's arguments for dismissal.

## I.

Rule 12(b)(6) enables a defendant to move to dismiss a complaint or a claim within a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint

---

[2] Mr. Zatta filed his supplemental brief in opposition to AllStates's motion to dismiss on July 14, 2022. (Doc. 57). AllStates filed a reply brief on July 25, 2022. (Doc. 59).

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In deciding a Rule 12(b)(6) motion to dismiss, a court must view the factual allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A court must accept well-pleaded facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). In addition to the factual allegations in a complaint, a court may consider a written document in conjunction a motion to dismiss if the document "is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

## II.

Mr. Zatta is a Black male from the Ivory Coast. (Doc. 1, p. 5, ¶ 13). Mr. Zatta "specialize[s] in software development and testing the most critical systems in the defense, aerospace and medical industries." (Doc. 1, p. 5, ¶ 13). Defendant Sanmina

Corporation appears to be an electronics company. Defendant SCI Technology Inc., a subsidiary of Sanmina, is located in Huntsville, Alabama. (Doc. 1, p. 3, ¶ 3). Defendants Sanmina and SCI work with AllStates Consulting Services, LLC, a third-party staffing agency. (Doc. 1, p. 3, ¶ 3).

In October of 2020, Mr. Zatta, through his company Embedded Software & LabView LLC, "entered into an agreement with" AllStates "for a one-year contract [f]or temporary employment starting November 4, 2020 at SCI." (Doc. 1, p. 5, ¶ 14; Doc. 46-1). Mr. Zatta alleges that, while working at SCI, Michael Sharp, Mr. Zatta's coworker, frequently harassed him. (Doc. 1, pp. 6-8).[3] According to Mr. Zatta, in December of 2020, Mr. Sharp falsely accused Mr. Zatta of not completing a work assignment on time. (Doc. 1, pp. 8-9, ¶ 28).

Mr. Zatta reported these incidents to his supervisor, Terri Womack. In January of 2021, Ms. Womack "praised [Mr. Zatta's] very good handling of his assignments and she pledged to resolve the issues of harassment and hostile workplace environment created by [Mr. Sharp]." (Doc. 1, p. 9, ¶ 29). Mr. Sharp apologized to Mr. Zatta but continued to insult him based on his race and African heritage. (Doc. 1, pp. 9-10, ¶¶ 30-31).

---

[3] According to Mr. Zatta, Mr. Sharp asked Mr. Zatta, among other things, if he "was living in the bushes with monkeys, lions, snakes or other wild animals" while in Africa. (Doc. 1, p. 7, ¶ 21). Mr. Sharp mocked Mr. Zatta's accent, called him a "stubborn or stupid African," and intimated that he believed "it was unfortunate that slavery was over in America." (Doc. 1, p. 7, ¶ 22). Mr. Sharp said that "he could not trust any African or Black as a smart person with good intellectual abilities" and constantly questioned Mr. Zatta's work. (Doc. 1, pp. 7-8, ¶ 24).

In March of 2021, Mr. Zatta reported the continued harassment to Ms. Womack and AllStates. (Doc. 1, p. 10, ¶ 32). Ms. Womack assured Mr. Zatta that HR "would investigate the matter." (Doc. 1, p. 10, ¶ 32). "From March 5, 2021 through March 19, 2021, at [Mr. Zatta's] request, [Ms. Womack] allowed [Mr. Zatta] to occasionally work from home but she refused to approve" all of Mr. Zatta's hours worked from home, resulting in "over $2,000 in unpaid wages." (Doc. 1, p. 10, ¶ 32).

On March 26, 2021, AllStates called Mr. Zatta to inform him that Ms. Womack "made the decision that [Mr. Zatta] should no longer be working at SCI." (Doc. 1, pp. 10-11, ¶ 33). On March 29, 2021, AllStates emailed Mr. Zatta to inform him that "'SCI has elected to end the contract [] for your services through All States effective Thursday, March 25th COB." (Doc. 1, p. 11, ¶ 33) (emphasis omitted). Mr. Zatta was not paid for hours worked on March 26, 2021 before he received the phone call from AllStates. (Doc. 1, p. 11, ¶ 33).

Mr. Zatta filed an EEOC charge of discrimination, but it does not appear in the record. On July 26, 2021, the EEOC issued a notice of suit rights. (Doc. 1, p. 18). Sanmina and SCI are listed as respondents; AllStates is not. (Doc. 1, p. 18). Mr. Zatta concedes that he did not name AllStates in his EEOC charge of discrimination. (Doc. 45, p. 1).

### III.

### *Discrimination Claims*

AllStates argues that because he did not name AllStates in his charge of discrimination, Mr. Zatta may not pursue his Title VII claims against AllStates. (Doc. 40, pp. 3-4). The argument concerns the concept of administrative exhaustion of claims.

To exhaust a Title VII discrimination claim, "a plaintiff first must file a charge of discrimination with the EEOC." *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970)). The exhaustion requirement gives the EEOC "'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory*, 355 F.3d at 1279 (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). Following exhaustion, a Title VII plaintiff may assert new factual allegations "if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint," but "allegations of new acts of discrimination are inappropriate." *Gregory*, 355 F.3d at 1279-80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

The Eleventh Circuit has held that "a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow

out of the charge of discrimination.'" *Gregory*, 355 F.3d at 1280 (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).  Still, courts are "'extremely reluctant to allow procedural technicalities to bar'" Title VII claims. *Gregory*, 355 F.3d at 1280 (quoting *Sanchez*, 431 F.2d at 460-61).  "To determine whether a plaintiff has exhausted [his] administrative remedies, then, the 'proper inquiry' is whether the '[plaintiff's] complaint [is] like or related to, or grew out of, the allegations contained in [the] EEOC charge.'" *Batson v. Salvation Army*, 897 F.3d 1320, 1328 (11th Cir. 2018) (quoting *Gregory*, 355 F.3d at 1280).

Because the record does not contain a copy of Mr. Zatta's EEOC charge, the Court cannot evaluate the substance of the charge to see whether it might embrace his Title VII claims against AllStates.  Mr. Zatta implicitly has conceded that he did not include allegations against AllStates in his EEOC charge and has acknowledged that "to file a Title VII lawsuit in court, he must [first] have exhausted [his] administrative remedies" with the EEOC.  (Doc. 57, p. 9).  Mr. Zatta argues that he "can still assert a claim or several claims under 42 U.S.C. §1981 similar or identical to those of Title VII of the Civil [Rights] Act of 1964.  If this was [not] made clear in [his] complaint or was understated," Mr. Zatta asks the Court to allow him "to file an amended complaint to clarify his claims and remedies sought separately under 42 U.S.C. §1981, under Title VII of the Civil [Rights] Act of 1964 or in [*sic*] jointly under Title VII of the Civil Rights Act of 1964 and 42 U.S.C §1981."  (Doc. 57, p.

10).  Mr. Zatta asserts that he would not have to exhaust a § 1981 claim against AllStates and that a § 1981 claim against AllStates would be timely.  (Doc. 57, pp. 9-11).

Mr. Zatta is correct; he would not have to exhaust a § 1981 claim with the EEOC.  *Caldwell v. National Brewing Co.*, 443 F.2d 1044, 1046 (5th Cir. 1971).[4]  Reading Mr. Zatta's *pro se* complaint liberally, the Court does not find a § 1981 claim in it.  In his complaint, Mr. Zatta alleges:

> This action is to seek damages for the unlawful employment practices of harassment based on race, national origin, color of skin, for hostile workplace environment and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

(Doc. 1, pp. 1-2).  Section 1981a – titled "Damages in cases of intentional discrimination in employment" – is a component of Title VII.  Section 1981a "address[es] the subject of damages relief under Title VII and [] set[s] out the particular situations in which damages are available as well as the maximum amounts recoverable."  *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 283 (1998).  In contrast, 42 U.S.C. § 1981 authorizes employees to assert race discrimination claims against their employers.  *Ferrill v. Parker Grp., Inc.*, 168 F.3d

---

[4] In *Bonner v. City of Prichard, Alabama*, the Eleventh Circuit Court of Appeals adopted as binding precedent decisions the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

468, 472 (11th Cir. 1999) ("Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts.").

The Court must liberally construe *pro se* complaints, and "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citation omitted). "However, even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action." *Curtiss v. Commissioner of Social Sec.*, 856 Fed. Appx. 276, 276 (11th Cir. 2021) (internal quotation marks omitted). If the Court were to construe Mr. Zatta's complaint as incorporating a claim under § 1981, the Court would effectively rewrite Mr. Zatta's complaint to sustain an action, and the Court would commit error.

Thus, the Court will dismiss Mr. Zatta's Title VII discrimination claims against AllStates for failure to properly exhaust administrative remedies. The Court addresses Mr. Zatta's request for leave to amend his complaint below.

### *Breach of Contract Claim*

The contract pursuant to which AllStates placed Mr. Zatta at SCI is between AllStates and Mr. Zatta's company, Embedded Software & LabView LLC. (Doc. 46-1). In his supplemental brief in opposition to AllStates's motion to dismiss, Mr.

Zatta "concedes that he does not have [] legal standing [to bring] claims of Breach of Contract or Failure to Pay Wages on behalf of his sole propriet[orship]." (Doc. 57, p. 6). Thus, the Court will dismiss Mr. Zatta's breach of contract and failure to pay wages claims against AllStates.[5]

## CONCLUSION

For the reasons discussed above, the Court grants AllStates's motion to dismiss and dismisses Mr. Zatta's claims against AllStates Consulting Services, LLC. The Court directs the Clerk of Court to please TERM Doc. 40.

With respect to Mr. Zatta's request for leave to amend his complaint, under Rule 15 of the Federal Rules of Civil Procedure, a district court should "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2).[6] A district court may deny a request for leave to amend a complaint "for futility 'when the

---

[5] The Court is not certain what Mr. Zatta attempts to assert in his eighth claim for relief, "Loss of opportunity." (Doc. 1, p. 16). Mr. Zatta states only that the defendants caused him "tremendous losses of opportunities," and he contends that the defendants' actions were intentional and malicious. (Doc. 1, p. 16). Mr. Zatta seems to be asserting a tort claim, but this claim, like his breach of contract claim, would seem to belong to his company, not him individually, because he performed work through his LLC. Alabama law recognizes a claim for usurpation of corporate opportunity, but that claim typically involves conduct by a corporate director that is antagonistic to the interests of the corporation. *See Davis v. Dorsey*, 495 F.Supp.2d 1162, 1176 (M.D. Ala. 2007). To the extent that Mr. Zatta seeks the income he claims through his breach of contract and failure to pay wages claims, the loss of opportunity claim is duplicative. The Court dismisses Mr. Zatta's loss of opportunity claim against AllStates without prejudice for failure to state a claim.

[6] The time for Mr. Zatta to amend his complaint as a matter of right has expired. Under Rule 15(a)(1), a plaintiff may amend a pleading "once as a matter of course within . . . (B) . . . 21 days after service of a motion under Rule 12(b) . . . ." FED. R. CIV. P. 15(a)(1)(B). AllStates filed its motion to dismiss on January 20, 2022. (Doc. 40).

complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).  Because the contract that gives rise to Mr. Zatta's potential § 1981 claim against AllStates is between AllStates and Mr. Zatta's company, Embedded Software & LabView LLC, the Court will consider whether the nature of the contract impacts Mr. Zatta's proposed § 1981 claim.  Within 14 days, AllStates may respond to Mr. Zatta's request for permission to amend his complaint.  Mr. Zatta may have 14 days to reply to AllStates's submission.

      **DONE** and **ORDERED** this August 30, 2022.

      _____
      **MADELINE HUGHES HAIKALA**
      UNITED STATES DISTRICT JUDGE